# Commonwealth to use *v.* Taylor, Appellant.

*Bond—Trust and trustees—Future liability—Demurrer to statement.*

In an action against sureties upon a bond given to answer for a trustee's faithful discharge of duty and to properly account for a trust estate, the sureties cannot on a demurrer to the statement, claim exemption from liability because the bond presumptively covered only future losses, where it appears that the trustee was appointed in 1881, filed his seventh account in 1904, gave the bond in suit in 1905, was surcharged as trustee in 1907, and there is nothing in the record to show whether there had been a default prior or subsequent to the giving of the bond.

Argued April 17, 1912. Appeal, No. 202, Jan T., 1911, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1910, No. 22, for plaintiffs on demurrer to statement in suit of Commonwealth to use of Cornelia I. Ashman et al. v. Isaac Taylor, et al. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a trustee's bond.

The plaintiffs filed separate statements of claim. The statement of G. H. Ashman was as follows:

For that, Whereas, the defendants by their certain writing obligatory, sealed with their seals, duly executed and filed the court here shown (see copy of bond hereto attached and filed in this case, marked exhibit "A"), the date whereof is the 15th day of July, A. D. 1905, according to the act of assembly in such case made and provided, did on the day and year aforesaid, acknowledge themselves held and firmly bound unto the said Commonwealth of Pennsylvania, in the sum of six thousand dollars, for the uses, intents and purposes appointed by law, which writing obligatory was and is subject to certain conditions thereunder written, whereby after reciting to the effect following; that "the condition of this obligation is such, that if the above bounden, Isaac Taylor, Trustee, as above stated, shall and do faithfully execute the powers committed to him by the Orphans' Court of Huntingdon County, as said trustee, and shall make faithful appropriation of the estate and effect committed to him, and in all things comply with acts of assembly in such case made and provided, then this obligation to be null and void and of non effect, otherwise to be and remain in full force and virtue"; which writing obligatory with the conditions aforesaid therein stated, was duly received by the Commonwealth of Pennsylvania as other and further security of the said Isaac Taylor, who on June 14th, A. D. 1881, had been appointed by the Orphans' Court of said county, trustee of the estate of Mary Jane Ashman, late of Clay township of said county, deceased, and said bond was duly approved on the 19th day of July, A. D. 1905, with the said W. T. Bell and John C. Taylor, as his sureties in the premises; and after the said Isaac Taylor had been appointed trustee as aforesaid, and the said estate and trust committed to him, he the said trustee took upon himself the dis-

charge of the duties of said trustee, and was then and thereafter trustee of the estate and effects of the said Mary Jane Ashman, deceased, and so continued as such trustee on and after the date of the execution and delivery of said additional bond; and thereafter the said Isaac Taylor, as aforesaid, to wit, on January 2, 1904, filed the 7th account of his said trust in the register's office of said county, and on which said 7th account an auditor was appointed by the Orphans' Court of said county, and that said auditor on the 5th day of February, A. D. 1906, made his report to the said Orphans' Court; and on May 14, 1906, said auditor's report having been referred back to the auditor, the auditor presented a supplemental report on said account to said court, under and by which supplemental report the said auditor awarded the sum of $11,156.08½ to said G. H. Ashman, which said supplemental report of the auditor was duly confirmed by decree of said court, dated June 30, 1906, and upon appeal to the Supreme Court, from said decree, the Supreme Court on June 3, 1907, affirmed said decree; and finally adjudicated said sum found due the said G. H. Ashman. After said Orphans' Court, by decree of June 30, 1906, confirmed said supplemental report of the auditor, the said G. H. Ashman on July 19, 1906, procured a certificate from the clerk of the Orphans' Court of said county of the said amount of $11,156.08½, and filed the same as a lien, in the Court of Common Pleas of Huntingdon County, to No. 128, May Term, 1906, against the real estate of said Isaac Taylor, and after voluntary credits had been entered thereon by the plaintiff, the said plaintiff issued a scire facias on said lien to No. 11, February Term, 1908, against the said Isaac Taylor and Isaac Taylor, Trustee, and on which scire facias, judgment was entered thereon on January 22, 1909, in favor of the plaintiff therein, and against the said Isaac Taylor, and Isaac Taylor, trustee, for the sum of $1,508.61, with interest from date, and costs,

which judgment was unappealed from a final adjudication of the amount due the plaintiff. After the entry of which judgment as aforesaid, a credit of $1,035.-40, out of the proceeds of sheriff's sale of real estate of said Isaac Taylor was entered thereon.

Yet the said plaintiff in fact says that the said Isaac Taylor, did not faithfully discharge all the duties required of him as trustee, as aforesaid, but on the contrary thereof has broken the conditions of said writing obligatory in this, that the said Isaac Taylor, trustee as aforesaid, did not make faithful appropriation of the estate and effects committed to him and in his hands and custody, as said trustee, before, at the time and after the execution and delivery of said writing obligatory; and that said trustee did not pay over or cause to be paid over to the plaintiff the moneys due and owing to him, on said judgment No. 11, February Term, 1908, entered in said court in favor of the plaintiff, and against the said Isaac Taylor and Isaac Taylor, trustee, for the sum of $1,508.61, with interest and costs thereon, (less said credit of $1,025.40) upon and after the entry of said judgment on January 22, 1909, as aforesaid, for said sum. And he the said plaintiff has been injured by the neglect and refusal of said Isaac Taylor, trustee, to pay over to the plaintiff, the money due and owing on said judgment and the nonperformance by him, said trustee, in that behalf.

Wherefore an action has accrued to the Commonwealth of Pennsylvania, to demand and have of and from the defendants to the use of the plaintiffs the sum of six thousand dollars. Yet the said defendants, or either of them, though often requested thereto, have not paid said sum (except said credit) to the damage of the plaintiff of the sum of $1,508.61, with interest from January 22, 1909, and costs, subject to the following credit, September, 17, 1909, $1,025.40.

The court entered judgment for plaintiffs on demurrer to statements.

*Error assigned* was the judgment of the court.

*Thomas F. Bailey* and *R. W. Williamson,* for appellants.—The sureties were not liable for past losses. Howe v. White, 69 N. E. Repr. 684; State v. Elliott, 57 S. W. Repr. 1087; Lamar v. Walton, 27 S. E. Repr. 715; Montgomery v. Hughes, 65 Ala. 201; Webster County v. Hutchinson, 60 Iowa 721 (9 N. W. Repr. 901) ; Stern v. People, 96 Ill. 475.

*L. H. Beers* and *H. H. Waite,* for appellees, cited : Bennett v. Haley, 142 Pa. 253; Bridgeman Bros. Co. v. Swing, 205 Pa. 479; Fidelity Ins. Tr. & Safe Deposit Co., v. Bldg. & Loan Assn., 17 Pa. Superior Ct. 270.

OPINION BY MR. JUSTICE ELKIN, May 22, 1912 :

This suit was brought against the principal and sureties on the bond of a trustee.  The record does not satisfactorily explain the conditions under which the bond was given, but in view of the pleadings this does not become a vital question in the case.  The sureties demurred to the statement without filing an answer. They stand upon the legal position that the averments in the statement of claim do not disclose a cause of action against the sureties.  This position is asserted upon the ground that the facts averred do not show a default by the principal after the execution and approval of the bond, and that the sureties are not liable for defaults which may have occurred prior to that time.  To this contention there are two answers: First, it is averred that the trustee "did not make faithful appropriation of the estate and effects committed to him and in his hands and custody, as said trustee, before, at the time and after the execution and delivery of said writing obligatory"; and, second, such a de-

fense, if good at all, depends upon the facts, which should be set out in an affidavit of defense. The facts averred in the statement made out a prima facie cause of action, which required a defense to be set up. This was not done. The demurrer admitted the facts and gave sufficient warrant for the entry of judgment by the court below. The learned counsel for appellants invoke the rule that bonds of the character involved in this case should be construed as intended presumptively to cover future losses, and not past defaults, unless there is something in the bond itself, or in the surrounding circumstances to indicate a different intention. The bond was conditioned for the faithful discharge by the trustee of his duties, and the sureties undertook to answer for failure of the trustee to "make faithful appropriation of the estate and effects committed to him." As hereinbefore stated, it was averred that the trustee, before and after the execution of the bond, had failed to make faithful appropriation of the estate committed to him. There is nothing in this record to show when the default in fact occurred. The trustee was appointed in 1881 and filed in 1904 his seventh account. The bond in suit was given in 1905. The litigation which resulted in surcharging the trustee did not terminate until 1907. There was no adjudication of the rights of the parties up to that time, and no one could say whether there had been a prior default. In this state of the record, the sureties are not in position to deny their liability upon a bond given to answer for the trustee's faithful discharge of duty and to properly account for the trust estate. This view makes it unnecessary to discuss the general liability of sureties on bonds of this character.

Judgment affirmed.